# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| TIMOTHY T. SMITH, | |
| Petitioner, | CIVIL ACTION NO.: 5:16-cv-57 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 5:99-cr-4) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Timothy Smith ("Smith"), who is currently housed at the Coleman Correctional Complex in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Smith's Motion, **CLOSE** this case, and **DENY** Smith a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Smith was convicted in this Court, after entry of a guilty plea, of possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). Smith was sentenced to 262 months' imprisonment. J., United States v. Smith, 5:99-cr-4 (S.D. Ga. Dec. 22, 1999), ECF No. 63. Smith did not file a direct appeal.

Smith filed a Section 2255 motion in December 2000. He alleged his guilty plea was not knowingly and voluntarily made, his counsel was ineffective, he could not appeal this Court's sentence enhancement, and that his state court convictions, which were used to enhance his sentence, were constitutionally infirm. Mot., United States v. Smith, 5:99-cr-4 (S.D. Ga. Dec.

19, 2000), ECF No. 70. This Court dismissed Smith's Motion. R. & R. and Order, United States v. Smith, 5:99-cr-4 (S.D. Ga. July 12 and Aug. 6, 2001), ECF Nos. 78, 80. Smith filed several motions for modification of sentence, and the Court denied his motions. Orders, United States v. Smith, 5:99-cr-4 (S.D. Ga. Mar. 12, 2003, June 23, 2008, Jan. 1, 2012, and July 9, 2015), ECF Nos. 88, 103, 122, 136.

## DISCUSSION

In his current Motion, his second Section 2255 motion, Smith seeks a reduction in his sentence based on the United States Sentencing Commission's recent amendment to the "minor role" Sentencing Guideline, which he claims is retroactively applicable because it is a clarifying amendment. Smith cites to United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016). (Doc. 1.)

**I.   Whether Smith can Proceed in this Court Pursuant to Section 2255**

To file a second or successive Section 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a

movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Smith did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this Section 2255 Motion. United States v. Florence, 411 F. App'x 230, 231 (11th Cir. 2011) (absent authorization to file a second or successive Section 2255 motion, a district court lacks subject-matter jurisdiction to consider the claims raised in the motion).[1]  As noted above, Smith previously filed a Section 2255 motion in this Court, which was dismissed.

The crux of Smith's assertion here is that he is entitled to a sentence reduction based on a retroactively applicable amendment to the United States Sentencing Guidelines, and he bases his assertion on a case arising out of the Ninth Circuit Court of Appeals.  However, as this Court has recently noted, "Amendment 794 merely 'clarified the factors to consider for a minor-role adjustment' — it did not substantively change § 3B1.2." Jacobs v. United States, No. CR414-343, 2016 WL 4183312, at *1 (S.D. Ga. Aug. 5, 2016) (quoting United States v. Gasas, 632 F. App'x 1003, 1004 (11th Cir. 2015)); see also United States v. Quintero-Leyva, 823 F.3d 519, 523 (9th Cir. 2016).  "The threshold inquiry," therefore, "is whether [Smith's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255."  Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998).  As noted above, Smith has already filed a Section 2255 motion in this Court.  Thus, Smith must seek permission from the Eleventh Circuit before he files a second or successive Section 2255 motion in this Court, even if his desired relief is available.

---

[1] The Court recognizes that "[t]here is, however, a small subset of claims that are not categorized as 'second or successive'—i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition." Stewart v. United States, 646 F.3d 856, 863 (11th Cir. 2011).  Smith's claims do not fall within this narrow exception.

The Court notes that the Ninth Circuit determined Amendment 794 applies retroactively in direct appeals and not collateral challenges to sentences, such as the Section 2255 Motion Smith has filed here. Quintero-Leyva, 823 F.3d at 520. It does not appear that the Eleventh Circuit Court of Appeals, whose precedents guide this Court, recognizes Amendment 794 as being applicable to cases on collateral review.[2] See Gasas, 632 F. App'x at 1005.

For these reasons, I **RECOMMEND** the Court **DISMISS** Smith's Section 2255 Motion as being an unauthorized second or successive motion.

## II.  Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Smith leave to appeal *in forma pauperis*. Though Smith has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[2] It does not appear, even if Amendment 794 were retroactively applicable to cases on collateral review, Smith would be entitled to his requested relief. Smith was sentenced under the career offender provision of the Sentencing Guidelines, and his role as a minor participant was noted specifically. J., United States v. Smith, 5:99-cr-4 (S.D. Ga. Dec. 12, 1999), ECF No. 63, p. 7.

4

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Smith's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Smith a Certificate of Appealability, Smith is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255

Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Smith's Motion, **CLOSE** this case, **DENY** Smith *in forma pauperis* status on appeal, and **DENY** Smith a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Smith.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA